INTERSTATE COMMERCE COMMISSION v. DELAWARE, L. & W. R.
CO. et al.

(Circuit Court, N. D. New York.   December 3, 1894.)

INTERSTATE COMMERCE COMMISSION—POWER OF COURT OVER ORDERS OF COM-
MISSION—REHEARING.

Complainant moved for a rehearing, in proceedings to enforce an order
of the interstate commerce commission, upon a certificate of the commis-
sion stating, in substance, that, in making the order which the court was
asked to enforce, the commission did not design to make one so broad
as its terms import. *Held,* that the court could not substitute, for an
order actually made, one such as the commission might or should have
made, or such as the commission intended to, but failed to, make.

Motion for a rehearing upon petition to enforce an order of the
interstate commerce commission.

INTERSTATE COMMERCE COMMISSION v. DELAWARE, L. & W. R.
CO. et al.

(Circuit Court, N. D. New York.   December 3, 1894.)

INTERSTATE COMMERCE COMMISSION—ENFORCEMENT OF ORDER.

An order of the interstate commerce commission prohibited railway
carriers from charging any greater compensation for the transportation of
window shades of any description—whether the cheap article, worth $3

per dozen, or the hand-decorated article, worth $10 per pair—than the third-class rate, the rate charged for the transportation of the materials used in making window shades. *Held*, upon petition to enforce compliance with the order, that the court would refuse to enforce such order, ignoring as it did the element of the value of the service in fixing the reasonable compensation of the carrier, and denying him any remuneration for additional risk.

This was a proceeding, under section 16 of the act to regulate interstate commerce, by petition to enforce compliance with an order of the interstate commerce commission which directs that the railway carriers, the respondents, "wholly cease and desist and thenceforth abstain from charging, demanding, collecting, or receiving any greater compensation for the interstate transportation of window shades, plain or decorated, mounted or unmounted, when packed in boxes, than they or either of them contemporaneously charge or receive for like service rendered in the transportation of commodities enumerated as third-class articles in the classification of freight articles established and put in force by them upon their several lines of railroad." The cause was heard upon the record of the proceedings before the interstate commerce commission at the complaint of Alanson S. Page and others, doing business at Minetto, N. Y., under the copartnership name of the Minetto Shade-Cloth Company, and upon depositions taken in the cause.

John D. Kernan, for complainant.

Frank Loomis, for respondents.

WALLACE, Circuit Judge. The order of the interstate commerce commission which the court is now asked to enforce prohibits the railway carriers, the parties respondent, from charging any greater compensation for the transportation of window shades of any description—whether the cheap article, worth $3 per dozen, or the hand-decorated article, worth $10 per pair—than the third-class rate, the rate charged for the transportation of the materials used in making window shades. Such an order, in my judgment, ignores the element of the value of the service in fixing the reasonable compensation of the carrier, and denies him any remuneration for additional risk. I cannot regard it as justifiable upon principle, and must refuse to enforce it. The petition is dismissed.